BEFORE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

In the Bankruptcy of                                              Case No. 11-35689
ROGER PETER RINALDI and
DESA LILLY RINALDI,
        Debtors

_____

RESPONSE TO
MOTION TO LIFT THE AUTOMATIC STAY AND FOR ABANDONMENT

_____

Debtors, by their attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, bring

their response to the motion of HSBC to lift the automatic stay and for abandonment of property

of the estate and show the Court:

1.  The Movant is not the proper party to seek relief from the automatic stay and

abandonment of the property of the estate.

2.  Debtors scheduled Wells Fargo Home Mortgage as the holder of the mortgage

obligation and this is in error.  The schedules should have identified Wells Fargo Bank, N.A. as

the mortgagee and the party entitled to payment under the promissory note.

3.  The promissory note and mortgage are in the name of Wells Fargo Bank, N.A.

4.  In foreclosure proceedings brought in the name of HSBC Bank US v. Roger Rinaldi,

et al. in Kenosha County (Wisconsin) Circuit Court prior to the filing of this bankruptcy were

dismissed without prejudice for a loan modification agreement.

5.  Attached to the Complaint for foreclosure in the HSBC case the promissory note and

mortgage attached hereto as Exhibits A and B.

6.  Suddenly, in the proceedings before this Court the promissory note (attached hereto as

1

Exhibit C) now shows through what is known in the banking industry practice as robo-signing that the promissory note is purportedly "endorsed in blank" by one Joan M. Mills.

7.   Upon information and belief, the filing of the endorsement in blank by Joan M. Mills is a fraud upon this Court because the promissory note was fabricated to display the file stamped robo-signed endorsement in blank after the commencement of the foreclosure action and apparently for purposes of this action and is believed to constitute a fraud upon the Debtors and this Court.

8.  No assignment of mortgage is attached to the mortgage filed as Document 7-1 and the mortgage shows the Wells Fargo Bank, N.A. is the mortgagee.

9.   The burden of establishing standing to seek relief from the automatic stay is that of the Movant.

10.  Movant attempts to avoid establishing its standing by a preliminary recitation that "HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation Home Equity Asset-Backed Securities, Series 2005-2, the current mortgagee of record, its successors, servicing agents and/or assigns (hereinafter collectively and at all times material hereto 'the movant' . . . hereby moves."

11.   Movant claims that it is the "holder of the promissory note and mortgage" on Debtors' homestead in the Motion filed by HSBC as Document 7 in these proceedings at paragraph 1.

12.  Movant must be HSBC Bank and cannot be "collectively" a group of unidentified entities whose names do not appear anywhere in the Motion.

13.  If the Movant is meant to be a group of entities, then each must be specifically identified in order for the Debtors to know who it is that is seeking the relief requested in the

and be able to respond to the Motion.  This is required for procedural and substantive due process guaranteed to the Debtors under the Fifth Amendment to the <u>Constitution of the United States</u>.

14.  Furthermore, the Court must be able to know what entity is seeking relief from the automatic stay and it cannot do so if the identity of the Movant is concealed from the it and the Debtors so that the Debtors cannot properly respond to the Motion and advise the Court of the lack of standing of the group of collective entities which may have a claim to payment under the promissory note which is now made to appear to have been endorsed in blank.

15.  HSBC cannot establish that it or the Wells Fargo Asset Securities Corporation Home Equity Asset-Backed Certificates Series 2005-2 of which it claims to be the trustee is not the mortgagee and the mortgage has not been assigned to either entity or the assignment of the mortgage would be attached to establish standing.

16.  HSBC has produced a fraudulently prepared endorsement in blank based upon the apparent misunderstanding of someone in the robo-signing (fraud) process that a mere endorsement in blank will allow any entity having possession thereof to claim the right to foreclose on Debtors' homestead.

17.   In order for the debt to be secured, Movant must both hold the promissory note and be the mortgagee of record.

18.  With respect to the holding of the promissory note, the note must be  lawfully endorsed and the following facts must be pleaded in the Motion:

a.  The Movant is in actual posession of the original note endorsed in blank and

b.  The Movant must plead that how it came into possession of the note.

3

19. The Movant must also be the assigned mortgagee of record, which it is not.

20. The Movant has not and cannot establish that it is the party entitled to payments under the note and the mortgagee on the facts pleaded herein.

21. Furthermore, Debtors have located three (3) other signatures of Joan M. Mills through resources available on-line to homeowners and foreclosure defense counsel and all three (3) of the signatures of Joan M. Mills are perfect copies of the signature of Joan M. Mills now stamped to the recreated promissory note attached hereto as Exhibit C.

22. Exhibit D attached hereto has two signatures of Joan M. Mills affixed by stamp thereto and Exhibit E attached hereto has another signature of Joan M. Mills.

23. The Court is asked to compare the signatures of Joan M. Mills on Exhibits C, D and E and to conclude that the each signature is a perfect copy of the other.

24. If the Motion is not dismissed for lack of standing being established, Debtors request an evidentiary hearing at which time Debtors will  produce some or all of the following evidence:

a.  Telephonic testimony of the homeowners who have copies of the Joan M. Mills signatures which are identical to the signature now appearing on Exhibit C and attached to the Motion filed by the Movant;

b.  The testimony by deposition of Joan M. Mills to be taken in connection with the adversary proceedings to be filed in this matter in which the Debtors believe she will be shown to have delegated a signature stamp to anyone who needs to stamp a promissory note to make it appear that the note was endorsed in blank; and

c.  The testimony of a hand-writing expert who is expected to testify that every person's signature actually written will vary somewhat from the other, depending on the type of ink,

paper, angle, manner of holding the writing instrument, surface upon which the writing is made

and the momentary manual dexterity of the writer and that it is impossible for four (4) signatures

written by the same person to be identical.  The conclusion of the hand-writing expert is expected

to show that the signature of Joan M. Mills is a signature stamp and not the actual signature of

Joan M. Mills.

d.   A demonstration will be conducted in which a person will sign his or her name

multiple times to show that the signature will not be identical in any of the attempts.

WHEREFORE, the Movant, whatsoever it may be, has not established  standing to seek

relief from the automatic stay and its motion must be denied.   In the alternative, the Debtors

request an evidentiary hearing to demonstrate that fraud has been committed in the filing of this

Motion herein.

Dated at Minneapolis, Minnesota this 18th day of November, 2011.


*/s/ Wendy Alison Nora*

_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
4575 W. 80th Street Circle, #141
Minneapolis, Minnesota 55437
(952) 405-8632
FAX (952) 405-8691
WI BAR # 1017043
accesslegalservices@gmail.com


5