UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

In the Bankruptcy of                                    Case No. 11-35689
ROGER PETER RINALDI and
DESA LILLY RINALDI,
      Debtors

_____

MOTION FOR EXTENSION OF TIME TO RESPOND TO
INCOMPLETE MOTION TO LIFT STAY AND FOR ABANDONMENT *AND*
INITIAL RESPONSE OF WELLS FARGO BANK, N.A., ET AL.

_____

     PLEASE TAKE NOTICE that the Debtors, Roger Peter Rinaldi and Desa Lilly Rinaldi, by their attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, and bring their Motion for an Extension of Time to Respond to the Motions to Lift Stay and for Abandonment incompletely filed by Wells Fargo Bank, N.A., et al. (hereinafter "Movant") and provides the Initial Response to the Motion within.

     NOW COME the Debtors, by their attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, and respectfully requests that the court accept this initial response to the Movant's Motion, that it extend the deadline for Debtors' Response to the Motions until the Motions are correctly filed with the Court and that it further extend Debtors' time to respond until Debtors' counsel receives medical attention for the re-injury of her thoracic spine during a recent office move and recovers from the injury.

     1. The Movant, part of which claims to be a REMIC Trust (Wells Fargo Home-Equity Asset-Backed Certificates 2005-2) has already been represented herein by its purported trustee, HSBC, which appeared by Gray & Associates, LP, is collaterally estopped from bringing its incomplete Motions filed on December 20, 2011.

     2. Under the doctrine of collateral estoppel, now known as issue preclusion, it is not entitled to have the Court revisit the matter recently settled by stipulation with Gray & Associates, LP, by stipulated Order entered on December 22, 2011 in these proceedings, on the day after the hearing at which the stipulation was entered on the record.

     3. Technically, Movant did not make an appearance in the proceedings had on December 19, 2011, but the pending Motions are covered the stipulation entered on the record on December 19, 2011 and memorialized in the Order entered on December 22, 2011 bind the Movant.

     4. The Movant is in privity with Gray & Associates, LP and HSBC, Trustee of the

1

Wells Fargo Home-Equity Asset-Backed Certificates 2005-2 which it claims is a d/b/a for Wells Fargo Bank, N.A., Wells Fargo Asset Securities Corporation and America's Servicing Company.

5.  Before the Court can dismiss the Motions under the doctrine of collateral estoppel or issue preclusion, the Movant must be required to file its complete Motion.

6.  At paragraph 1. of the Motions, Movant asserts that it has attached a copy of the Complaint in state court litigation, an asset in these proceedings, as Exhibit A. It fails to do so.

7.  At paragraph 4. of the Motions, Movant asserts that it has attached a copy of the Debtors' Motion to Dismiss Without Prejudice in the state court proceedings, but again fails to do so.

8.  Movant misleads the Court in its incomplete filing because it fails to inform the Court that the Movant is seeking dismissal with prejudice in state court litigation if the automatic stay is lifted and the asset is abandoned.

9.  The purpose of Movant's incomplete Motion is twofold: (1) to seek a new hearing before the Court on issues already resolved by a stipulated Order in the record and (2) to have the Court prematurely abandon the asset before discharge, which is currently set for February 6, 2012.

10.  Movant must be required to file the documents it failed to file in connection with its Motions before the Court should even consider this matter.

11.  The documents will show conclusively that the state court litigation is the same state court litigation which the Court already addressed in the stipulated Order, albeit as another asset of the estate: Debtors' homestead.

12.  This Court must require that any party seeking relief before it file the complete documents prior to the Motion being considered.

13.  When the Motions are filed with the attachments not presently before the Court, Debtors will file their response moving to dismiss the Motions on the grounds of collateral estoppel (issue preclusion.)

14.  Debtors' counsel is currently seeking ADA accommodations in all of her cases because she re-injured her thoracic spine in her recent office move and is in a great deal of pain when sitting and performing word processing and computer work.

15.  Debtors' counsel's anticipated recovery from the back injury upon proper treatment is expected to be 45-60 days from December 20, 2011.

16. Unfortunately, every time Debtors' counsel has to engage in computer work and word proceeding, she delays her recovery.

17. Debtors' counsel needs an extension for good cause (her current temporary disability) until just before or soon after the scheduled date of discharge in this case, February 6, 2012.

WHEREFORE, Debtors respectfully request:

1. That the court accept this initial response to the Movant's Motion.

2. That the Court extend the deadline for Debtors' Response to the Motions until the Motions are correctly filed with the Court.

3. That the Court further extend Debtors' time to respond until Debtors' counsel receives medical attention for the re-injury of her thoracic spine during a recent office move and recovers from the injury.

Dated at Minneapolis, Minnesota this 3rd day of January, 2012.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora, Attorney for Debtors
210 Second Street NE
Minneapolis, Minnesota 55413
VOICE (612) 333-4144
FAX (612) 886-2444
MN Bar #0165906

3

Case 11-35689-svk    Doc 21    Filed 01/03/12    Page 3 of 3