## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE

Roger Peter Rinaldi and Desa Lilly Rinaldi
    Debtors

Chapter 7
Case No. 11-35689-svk

## RESPONSE BRIEF IN OPPOSITION TO MOTION FOR EXTENSION OF TIME TO RESPOND TO INCOMPLETE MOTION TO LIFT STAY AND FOR ABANDONMENT AND INITIAL RESPONSE

Wells Fargo Bank, National Association d/b/a Wells Fargo Home Mortgage d/b/a Wells Fargo Asset Securities Corporation d/b/a Wells Fargo Home-Equity Asset-Backed Certificates 2005-2 d/b/a America's Servicing Company (hereinafter referred to as "Wells Fargo"), through its attorneys, Litchfield Cavo LLP, as and for its response brief opposing the Debtors, Roger and Desa Rinaldi's (hereinafter referred to collectively as "the Rinaldis"), motion for extension of time to respond to Wells Fargo's motion to lift stay and for abandonment, and opposing the Rinaldis' initial response to Wells Fargo's motion, states as follows.

## ARGUMENT

### I.    INTRODUCTION.

The Rinaldis' assertion that Wells Fargo's motion is barred under the doctrine of collateral estoppel is erroneous, as none of the elements of collateral estoppel are present.

The Rinaldis have failed to establish a proper basis for being allowed additional time to respond to Wells Fargo's motion. They have possessed all necessary Wisconsin state court pleadings since prior to filing their bankruptcy case, and at all times relevant to Wells Fargo's motion. They have already provided a response to Wells Fargo's motion, though they entitle it

1

"initial response." Finally, their counsel has failed to establish that she cannot provide any additional (though unnecessary) responsive pleadings for a period of 45 to 60 days.

Accordingly, the Rinaldis should be denied additional time to respond, their "initial response" should be considered their response to Wells Fargo's motion, and Wells Fargo's motion should be granted.

## II. WELLS FARGO'S MOTION IS NOT BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL.

The Rinaldis fully argue their defense to Wells Fargo's motion, alleging that the collateral estoppel doctrine applies to bar Wells Fargo's motion as a result of HSBC stipulating not to pursue relief from the stay or abandonment but rather to wait until the discharge of these bankruptcy proceedings. The stipulation by HSBC relates to a separate, prospective foreclosure proceeding, not the lawsuit that is the subject of Wells Fargo's motion. The Rinaldis err, as none of the elements of collateral estoppel are present to preclude Wells Fargo's motion.

"For collateral estoppel to apply, '(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.'" Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago, 649 F.3d 539, 547 (7th Cir. 2011) (quoting H-D Mich., Inc. v. Top Quality Serv., Inc., 496 F.3d 755, 760 (7th Cir. 2007)). These elements are not present.

The Rinaldis argue that Wells Fargo is in privity with HSBC and HSBC's counsel, Gray & Associates, thus attempting to prove that Wells Fargo was fully represented by HSBC and its counsel in HSBC's stipulation. Their assertion is false. Neither HSBC nor Gray & Associates

2

has represented Wells Fargo in this bankruptcy matter. Neither HSBC nor Gray & Associates ever claimed to represent Wells Fargo in this bankruptcy matter. Rather, Litchfield Cavo LLP represents Wells Fargo. Thus, the fourth element of collateral estoppel is not present.

The Rinaldis also argue that the first and second elements are met because "the state court litigation is the same state court litigation which the Court already addressed in the stipulated Order, albeit as another asset of the estate: Debtor's homestead." Rinaldis Motion for Extension of Time, ¶ 11. This representation, too, is false.

HSBC sought relief from the stay and abandonment of the real property located at 22311 121st Street, Bristol, Wisconsin. HSBC sought such relief so that it may pursue a foreclosure action upon the note and mortgage related to the real property located at 22311 121st Street, Bristol, Wisconsin. In other words, HSBC did not seek relief from the stay to pursue already-pending litigation, but rather to commence a new action in foreclosure upon the note and mortgage regarding the real property.

In contrast, Wells Fargo seeks relief from the stay with regard to an already-pending civil action in Kenosha County, Wisconsin, Roger and Desa Rinaldi v. Wells Fargo Bank, N.A. et al., Kenosha County, Wisconsin Case No. 11-CV-1477 (hereinafter referred to as "the lawsuit"). As the Rinaldis acknowledge, Wells Fargo does not seek abandonment of the real property, but an entirely different "asset" – the lawsuit. Wells Fargo seeks abandonment of the lawsuit so that it may pursue dismissal of the lawsuit with prejudice. Thus, "the issue sought to be precluded," whether Wells Fargo may be granted relief from the stay and abandonment of the lawsuit, is not "the same as that involved" in HSBC's stipulation, and the first element of collateral estoppel is not present.

3

HSBC is not a party to the litigation, as the Rinaldis admittedly never properly served HSBC. Thus, there can be no basis for the statement that HSBC's anticipated foreclosure action has any relation to the lawsuit that is the subject of Wells Fargo's motion.

Also, the issue of whether Wells Fargo may be granted relief from the stay and abandonment of the lawsuit was not "actually litigated," such that the second element of collateral estoppel is not met. The only issue to which HSBC stipulated was that it would not pursue a stay and would rather pursue its foreclosure action after the bankruptcy discharge. This had nothing to do with the issue of whether Wells Fargo may obtain relief from the stay and abandonment of the lawsuit. As such, Wells Fargo's motion was never litigated in this bankruptcy action.

Moreover, HSBC's stipulation has no effect vis-à-vis collateral estoppel. Stipulations "are not entitled to collateral estoppel effect, because facts so determined are not actually litigated, as the doctrine requires." Kairys v. I.N.S., 981 F.2d 937, 940 -941 (7th Cir. 1992); *see also* Fed.R.Civ.P. 36(b).

Finally, while the Rinaldis make no argument regarding the third element of collateral estoppel - the determination of the issue must have been essential to the final judgment – it is clear that this element, too, is absent. The issue of whether Wells Fargo may obtain relief and abandonment was not even argued with respect to HSBC's motion and stipulation, much less essential to it. Further, "when a case is resolved by settlement or stipulation, courts will find that the 'valid final judgment' requirement of issue preclusion has not been satisfied." Talmage v. Harris, 486 F.3d 968, 974 (7th Cir. 2007) (*citing* 18A Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Fed. Prac. & Proc.2d § 4443; Buckhannon Bd. and Care Home, Inc. v. West

4

<u>Virginia Dept. of Health and Human Resources,</u> 532 U.S. 598, 600, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). Accordingly, the third requirement for collateral estoppel is not met.

As none of the elements of the doctrine are present, collateral estoppel does not apply to preclude Wells Fargo's motion. Accordingly, Wells Fargo's motion should be granted.

## III.    THE RINALDIS HAVE NOT ESTABLISHED THAT MORE TIME IS NECESSARY TO RESPOND TO WELLS FARGO'S MOTION.

The Rinaldis assert they are entitled to additional time (45 to 60 days) to respond to Wells Fargo's motion because (1) Wells Fargo did not include its exhibits when it originally filed the motion, and (2) the Rinaldis' counsel allegedly needs to recover from a back injury that causes her "pain when sitting and performing word processing and computer work." As the Rinaldis have already responded to Wells Fargo's motion, and neither of these alleged reasons justify providing additional time, the Rinaldi's motion should be denied.

First, the Rinaldis have already fully responded to Wells Fargo's motion. Though they term their response an "initial response," they set forth a complete (albeit fatally flawed) argument asserting that Wells Fargo's motion should be denied as it is barred under the collateral estoppel doctrine. They have filed and served a response that is three pages and seventeen paragraphs long – in contrast to Wells Fargo's motion, which is two pages and seven paragraphs long. As they have already provided a complete (yet erroneous) response, they are not entitled to file and serve another response in 45 to 60 days.

Second, their assertion that they cannot respond to Wells Fargo's motion until Wells Fargo files its exhibits to the motion is disingenuous at best.[1] The two exhibits in question, the Rinaldis' Complaint and Motion to Dismiss Without Prejudice in the lawsuit, were filed by the

---

[1] Wells Fargo asks the Court to take judicial notice that it electronically served and filed the two exhibits to its motion on January 4, 2012 as Documents 22 and 23.

Rinaldis in the lawsuit. Therefore, the Rinaldis not only have had access to the two exhibits since the date Wells Fargo filed and served its motion, but also prior to the Rinaldis filing the instant bankruptcy action. Also, Wells Fargo fully described the exhibits in its motion. The Rinaldis accordingly had all the relevant information as of the date Wells Fargo filed its motion, and need no additional time to draft a response.

Third, the Rinaldis offer no proof that their counsel is injured and that because of such injury she cannot prepare a response to Wells Fargo's motion for 45 to 60 days. There is no affidavit swearing to such allegation. The Rinaldis have not provided any medical documentation supporting the allegation. Most important, their counsel was capable of drafting their motion for extension of time and "initial response" – there is no indication that she could not draft any "complete" response.

Finally, the Rinaldis' motion follows a long pattern by their counsel, Wendy Alison Nora, in delaying cases on the excuse of medical problems. Attorney Nora has moved for additional time in multiple cases, citing unsubstantiated medical issues each time. *See e.g.* In re Wendy Alison Nora, Case No. 01-09-16622-13 (W.D. Wis. Bkrpty) (Documents 170[2], 179[3], and 215[4]); Nora v. Colas, 10-cv-709-bbc (W.D. Wis.) (Document 24[5]); Nora v. Residential Funding Company, LLC, 3:10-cv-00748-wmc (W.D. Wis.) (Document 32[6]).

---

[2] Motion to Extend Time due to "total disability at this time resulting from a chronic health condition (fibromyalgia first diagnosed in April, 1995) exacerbated by two pinched nerves in her back (severe subluxation of her T-3 and T-4 vertebrae resulting from a car accident on April 14, 2009 from which she has been unable to take time to recover)."

[3] Motion to Continue Hearing because she "has been verbally ordered to take a 90 day leave of absence from the practice of law by her primary care physician."

[4] Motion for Additional Time due to "medical orders to avoid that controversy pending further treatment."

[5] Motion for Additional Extension due to "medical incapacity which is being aggressively treated with chiropractic treatment and a painful steroid injection to her thoracic spine."

[6] Motion for Extension of Time due to "health concerns" and her "scheduling concerns" and "faith-based needs."

6

The U.S. Court of Appeals affirmed dismissal of Attorney Nora's own bankruptcy appeal, finding her testimony that she was unable to prosecute her bankruptcy appeal due to medical incapacity to be contradicted by her active litigation in other matters. *See* In re Wendy Alison Nora, Case No. 10-cv-68-bbc (7th Cir. April 13, 2011) (Document 32). In fact, the court determined that "[at] the same time that she told the district judge that she was 'totally disabled' from litigating, Nora was actively litigating in bankruptcy court." *Id.* at page 2.

The same circumstances exist here. Attorney Nora filed a notice of appeal in the bankruptcy matter In re Brian Schmitz, Case No. 11-14279 (W.D. Wis.) on December 28, 2011, just a few days before filing the Rinaldis' Motion for Extension of Time.[7] Thus, while she claims she cannot draft a response in the Rinaldis' bankruptcy matter, she is actively prosecuting an appeal in the Schmitz bankruptcy case.

Accordingly, the Rinaldis have not shown any reason why this Court should grant them a 45 to 90 day extension of time to provide another response to Wells Fargo's motion.

## CONCLUSION

The Rinaldis have responded to Wells Fargo's motion by erroneously asserting the collateral estoppel doctrine bars the motion. They have not shown any reason why they should be granted additional time to provide another response to Wells Fargo's motion. Accordingly, the Rinaldis' motion should be denied, and the court should grant judgment to Wells Fargo and issue an Order providing that the automatic stay as it pertains to the debtors and the lawsuit property be terminated pursuant to section 362(d) of the Bankruptcy Code, and that the Trustee be compelled to abandon the lawsuit property, and that such Order be effective immediately upon its entry and for such further relief as may be just and equitable.

---

[7] While the Notice of Appeal is erroneously dated October 31, 2011, PACER shows that Attorney Nora filed it on December 28, 2011.

Dated at Brookfield, Wisconsin this 5th day of January, 2012.

DIRECT INQUIRIES TO:
Brad A. Markvart
Litchfield Cavo LLP
13400 Bishops Lane, Suite 290
Brookfield, WI 53005
Phone: (262) 784-9179
Fax:    (262) 784-8812
markvart@litchfieldcavo.com

/s/ Brad A. Markvart
Brad A. Markvart, WBN 1035460
Attorney for Wells Fargo Bank, National
Association d/b/a Wells Fargo Home
Mortgage d/b/a Wells Fargo Asset
Securities Corporation d/b/a Wells Fargo
Home-Equity Asset-Backed Certificates
2005-2 d/b/a America's Servicing
Company

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re the Bankruptcy of
WENDY ALISON NORA                              Case No. 09-16622-tsu
       Debtor

AMENDED
MOTION TO EXTEND TIME FOR FILING STATEMENT OF ISSUES, DESIGNATION OF
RECORD ON APPEAL AND ALL OTHER ACTIONS ON APPEAL
PURSUANT TO ADA/ADAAA

TO:  Clerk of the United States Bankruptcy Court
     for the District of Wisconsin

Residential Funding Company, LLC, (RFC, LLC)
part of GMAC Mortgage Group
One Meridian Crossing, Suite 100
Minneapolis, Minnesota 55423

Attorney Penny Gentges
BASS & MOGLOWSKY, S.C.
7020 N. Port Washington Road, #206
Milwaukee, Wisconsin 53217-3838

  PLEASE TAKE NOTICE that the undersigned brings her Amended Motion to Extend
Time for Filing Statement of Issues, Designation of Record on Appeal and All Other Actions on
Appeal Pursuant to ADA/ADAAA on appeal from the Court's Order entered on February 2,
2010: Denying Appellant's Motion to Compel Creditor to File Claim, Denying Debtor's Stay of
Order Lifting the Automatic Stay and Granting Motion of RFC, LLC to Strike Timely Filing of
Debtor's Final Response to Motion to Lift Stay in the Interests of Justice and as required by law
the 2008 Amendments to the Americans with Disabilities Act of 1990, abbreviated as
ADA/ADAAA, effective on January 1, 2009.  This amended motion corrects a syntax error at
paragraph 2, below, which is highlighted in bold , adds paragraphs 13., 14., 15. and 16. and
creates a more comprehensible request for relief from which to draft a proposed order.

  NOW COMES the Debtor, proceeding in total disability at this time resulting from a
chronic health condition (fibromyalgia first diagnosed in April, 1995) exacerbated by two
pinched nerves in her back (severe subluxation of her T-3 and T-4 vertebrae resulting from a car
accident on April 14, 2009 and from which she has been unable to take time to recover) and
shows the Court:

  1. Debtor  has done her best to maintain her law practice and manage her personal case in

1

foreclosure in Dane County Circuit Court Case No. 09-CV-1096: Residential Funding Company, LLC v. Nora, et al and in the bankruptcy proceedings from which the appeal in the United States District Court for the Western District of Wisconsin in Case No. 10-cv-68 and the appeal filed on even date herewith.

2. **Debtor's health has deteriorated** to the point where she must take a period of a minium of 45 days of complete medical leave to obtain proper medical treatment and implementation and maintenance of her recovery program.

3. On November 11, 2010, Debtor was ordered to take a medial leave of absence by her spine specialist, but due to the intensity of her law practice and the demands of the cases to defend her home, she has been unable to do so.

4. On January 30 and 31, 2010, Debtor met with a specialist in managing disability in litigation matters. The specialist was then in Boca Raton, Florida working on another case.

5. Debtor flew to Fort Lauderdale, Florida on the evening of January 29, 2010 and met with the specialist as stated at 4., above.

6. Due to her so far virtually untreated back injury combined with the pre-existing fibromyalgia condition, Debtor was in so much pain that she was unable to walk when she entered the Fort Lauderdale, Florida airport for her return flight and nearly fainted. She completed her return flight transported in wheelchairs in both the Fort Lauderdale airport and the Minneapolis/St. Paul airport, and was unable to pull her rolling luggage unassisted.

7. Her disability specialist has completed the Initial Disability Report and Request for Accommodations which must be filed under seal.

8. Both the bankruptcy judge and counsel for RFC, LLC were specifically advised of Debtor's deteriorating health by letter report of Dr. Scott Arneson. The bankruptcy judge stated at the hearing on January 25, 2010 that Debtor should file Chapter 7 because of her health. Because the Debtor has the resources to reorganize her indebtedness to her lawful creditors, Judge Utschig's comment demonstrates disability discrimination in violation of the 2008 Amendments to the Americans with Disabilities Act of 1990, the provisions of which will be specified in the comprehensive request for accommodations will be filed with the Clerk of the United States District Court for the Western District of Wisconsin under seal (as provided by existing court policies.) The bankruptcy court has no clerk acting in the capacity of the ADA administrator as required by law.

9. Debtor was required to take a medical leave from her graduate work at the United Theological Seminary of the Twin Cities for the spring term 2009-2010 because she is too ill and injured to perform her scholarly work. She is too ill and injured to participate in these proceedings or contested client cases for at least 45 days from the date she is able to commence a

2

medical leave.

10. RFC, LLC, which Debtor contends is not the real party in interest as it does not hold or own the promissory note which it has refused to produce in state or federal court proceedings, cannot be harmed by the extension requested herein.

11. RFC, LLC client has already received relief from the automatic stay without filing a proof of claim and on February 9, 2010, summary judgment was granted against Debtor in state court along with the denial of Debtor's Motion to Compel RFC, LLC to provide the original promissory note, notwithstanding repeated objections to the standing of RFC, LLC in the state proceedings and the bankruptcy proceedings. Please see the Opinion and Order of Christopher A. Boyko, United States District Court Judge for the Northern District of Ohio, attached hereto.

12. A continuance of these proceedings cannot harm the putative creditor as summary judgment is pending appeal to the Wisconsin Court of Appeals in accordance with Wis. Stats. sec. 808.03, et seq., but a denial of this Motion will cost Debtor her civil rights to be heard, just because she is too ill and injured to participate at this time.

13. Debtor has moved the United States District Court for the Western District of Wisconsin for leave to file her disability accommodations report under seal in Case No. 10-CV - 68, because she is now informed that she does not have to reveal medically privileged information in connection with disability accommodations requests. Her effort to file the report under seal was rejected by the ECF filing system and Debtor awaits the Court's decision on the Motion to Seal the document.

14. This Bankruptcy Court's ECF filing system appears to allow for filing a sealed documents and she will attempt to file the disability accommodation report under seal in connection herewith.

15. Debtor asserts that her health condition has already been disclosed to this Court in the medical report of Dr. Scott Arneson and in the Motion and Amended Motion for Extensions of Time Filing Statement of Issues, Designation of Record on Appeal and All Other Actions on Appeal Pursuant to ADA/ADAAA on appeal from the Court's Order entered on February 2, 2010: Denying Appellant's Motion to Compel Creditor to File Claim, Denying Debtor's Stay of Order Lifting the Automatic Stay and Granting Motion of RFC, LLC to Strike Timely Filing of Debtor's Final Response to Motion to Lift Stay in the Interests of Justice and as required by law the 2008 Amendments to the Americans with Disabilities Act of 1990, abbreviated as ADA/ADAAA, effective on January 1, 2009.

16. The very requirement that extensive paper work must be done to justify Debtor's rights to accommodations is virtually impossible for Debtor to accomplish when she is highly symptomatic as she is now.

3

WHEREFORE, the Debtor requests:

1. An Extension of Time to File Filing Statement of Issues,  Designation of Record on Appeal and All Other Actions on Appeal Pursuant to ADA/ADAAA on appeal from the Court's Order entered on February 2, 2010: Denying Appellant's Motion to Compel Creditor to File Claim, Denying Debtor's Stay of Order Lifting the Automatic Stay and Granting Motion of RFC, LLC to Strike Timely Filing of Debtor's Final Response to Motion to Lift Stay in the Interests of Justice and as required by law the 2008 Amendments to the Americans with Disabilities Act of 1990, abbreviated as ADA/ADAAA, effective on January 1, 2009 until forty-five (45) from the date that Debtor has established a complete medical leave.

2. Accommodations for her disability to be granted based upon the sealed information filed with the United States District Court for the Western District of Wisconsin, when the Debtor's motion to file the request for disability accommodations under seal is granted and relief thereupon is granted by the Court in accordance with the ADA/ADAAA.

3. In the alternative, for the acceptance of her disability accommodation report and grant of the requested relief thereunder, if the sealed disability accommodation report is accepted for filing in the bankruptcy court's ECF system.

4. For an immediate stay of all further proceedings in this Court to allow Debtor to recover from her current extreme disability.

Dated at Bloomington, Minnesota this 17th day of February, 2010.

*/s/ Wendy Alison Nora*

_____

Wendy Alison Nora, Debtor
Central Office mailing address:
4575 W. 80th Street Circle, #210
Bloomington, Minnesota 55437
Central Office VOICE: (651) 291-7577
Central Office FAX: (952) 405-8691
accesslegalservices@gmail.com

4

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re the Bankruptcy of
WENDY ALISON NORA                          Case No. 09-16622-tsu
Debtor

## INITIAL MOTION TO CONTINUE HEARING SCHEDULED FOR MARCH 2, 2010
## DUE TO TOTAL DISABILITY OF DEBTOR

PLEASE TAKE NOTICE that Debtor moves the Court to postpone the hearing scheduled for March 2, 2010 at 11:10 a.m. for the following reasons:

1. Debtor has been verbally ordered to take a 90 day leave of absence from the practice of law by her primary care physician, Dr. Anita MacDonald, whose office is preparing the written confirmation of the medical order.

2. Upon hearing the news of her current medical restrictions, Attorney Nora contacted the Wisconsin Lawyer's Assistance Program, which is in the process of procuring a trustee to handle her practice for the purpose of obtaining extensions, including this case, in her absence.

3. Attorney Nora will advise this court of the identity of the Trustee to be appointed to manage the process of obtaining extensions during her period of disability as soon as the Wisconsin Lawyer's Assistance Program obtains the Trustee on her behalf.

4. Attorney Nora is temporarily totally medically incapacitated from the practice of law for a period of 90 days and is unable to participate in this case or any of her other cases.

Dated at Bloomington, Minnesota this 23rd day of February, 2010.

*/s/ Wendy Alison Nora*

Wendy Alison Nora, Debtor and counsel for Debtor
mailing address: 4575 W. 80th Street Circle, #210
Bloomington, Minnesota 55437
Central Office Voice(651) 291-7577
Central Office FAX (952) 405-6891

BEFORE THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re the Bankruptcy of
WENDY ALISON NORA,                          Case No. 01-09-16622-13
Debtor

MOTION FOR ADDITIONAL TIME TO COMPLETE CHAPTER 13 FILING
UPON RECONVERSION

NOW COMES the Debtor, Wendy Alison Nora., on her own behalf, and respectfully moves the Court to allow her additional time beyond the 14 days from the date of reconversion to complete Chapter 13 Filing upon the following grounds:

1. Much controversy has arisen in this matter in Debtor's dispute with a nonclaimant seeking relief in these proceedings, of which the Court is well aware.

2. Debtor is under medical orders to avoid that controversy pending further treatment. .

3. By following medical orders, Debtor is beginning to be able to sit and word process required documents for less emotionally charged cases and interact with her client caseload in a manner which is acceptable to the standards to which she holds herself.

4. She believes in good faith that she can objectify the processing of the documents for the reconverted Chapter 13 and complete the same within an additional 14 days.

5. No party can be harmed by requested additional time to complete the Chapter 13 filing because no one has objected to her bankruptcy proceedings except for the nonclaimant which has so far received relief from the automatic stay.

6. Debtor requests an extension of 14 additional days to complete the Chapter 13 filing.

7. The First Meeting of Creditors is scheduled for June 16, 2010 and will proceed as scheduled, provided that the Office of the United States Trustee grants her request to appear at the meeting telephonically due to medical orders prohibiting her from driving the distance between Minneapolis and Madison until she receives further medical treatment for her spinal injury. For this accommodation, Debtor is required to submit a statement from her treating physician.

WHEREFORE, the Debtor respectfully requests that she be allowed up to 14 days to file

1

the completed Chapter 13 documents upon reconversion.

Dated at Minneapolis, Minnesota  this 24th  day of May, 2010.

/s/ Wendy Alison Nora

_____

Wendy Alison Nora
4575 W. 80th Street Circle, #141
Bloomington, Minnesota 55437
VOICE (952) 405-8631
FAX (952) 405-8691
accesslegalservices.bky@gmail.com

2

BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY ALISON NORA,

     Plaintiff

     v.

JUAN B. COLÁS, in his judicial capacity for purposes of declaratory relief only,

JUAN B. COLÁS, in his individual capacity for non-judicial actions,

DANE COUNTY CIRCUIT COURT, in its official capacity,

CARLO ESQUEDO, Clerk of Dane County Circuit Court in his official capacity for declaratory relief only,

CARLO ESQUEDO, in his individual capacity for damages for administrative and non-judicial actions,

VICKI GILBERTSON, Deputy Clerk of Dane County Circuit Court in her official capacity, and

VICKI GILBERTSON, Deputy Clerk of Dane County Circuit Court in her individual capacity for damages for administrative and non-judical actions

     Defendants

Case No. 09-cv-709

---

NOTICE OF MOTION AND
MOTION FOR ADDITIONAL  EXTENSION OF BRIEFING SCHEDULE

---

**PLEASE TAKE NOTICE** that the undersigned brings her Motion for Additional Extension of the Briefing Schedule for immediate court review or on for hearing before Magistrate Judge Stephen Crocker at the time of the telephonic preliminary pre-trial conference on February 3, 2011 at 9:00 a.m. or as soon thereafter as the conference commences.

**NOW COMES** the Plaintiff, Wendy Alison Nora, and moves for an additional extension of the briefing schedule and shows the Court:

1.  Assistant Attorney General David C. Rice, on behalf of Defendants Juan B. Colás and Dane County Circuit Court  does not object to an additional extension of the briefing schedule as an accommodation to the Plaintiff's continuing need for disability accommodations.

2.  BELL, GIERHARDT & MOORE, by Attorney Sheila Sullivan through Attorney Amy Tutwiler, representing the Defendants Esquedo and Gilbertson, requires that the Plaintiff seek leave of this Court to obtain an additional extension of the briefing schedule.

3.  There is a telephonic preliminary pre-trial conference scheduled with Magistrate Judge Stephen Crocker on February 3, 2011.

4.  Defendants' counsel have been advised of the Plaintiff's need for a further extension of time to prepare her brief due to her medical incapacity which is being aggressively treated with chiropractic treatment and a painful steroid injection into her thoracic spine on Wednesday,

1

January 26, 2011 and multiple medical appointments scheduled for the next several weeks.

     5. Plaintiff continues to try to maintain her performance in cases in which there is minimal word processing but has been faced with the continuing additional burden of having to litigate disability accommodations in the Wisconsin circuit court system, notwithstanding the requirement of alternatives thereto under published policy of the Wisconsin Supreme Court and the requirements of 42 U.S.C. sec. 12101, et seq and the Fifth and Fourteenth Amendments to the <u>Constitution of the United States</u>.

     6. Plaintiff is simultaneously attempting to train and deploy staff and a personal assistant to help her with lifting, bending, driving, reorganizing her electronic and hard copy files to accommodate her disability.

     7. Plaintiff believes that the parties can work to resolve this dispute until Plaintiff has more time to implement her aggressive recovery plan.

     8. Plaintiff seeks an extension to file her brief in response to the Motions to Dismiss until March 21, 2011 which gives her time to aggressively treat the painful back condition, reorganize her office, keep up with cases which do not require disability accommodations for extensive word-processing or travel and work with the Defendants to resolve this case in the interests of the disabled population and for her clients and her own protection against the inappropriate use of her needs for modest accommodations to court scheduling by her opponents to gain advantage in the litigation, particularly by requiring her to litigate reasonable disability accommodations with heavy word processing and the additional burden of court hearings to litigate her reasonable disability accommodations.

     9. One of her opponents from the BASS & MOGLOWSKY, S.C. law firm which opposes her in the cases listed in this paragraph has unlawfully taken documents under seal in this Court in Case No. 10-cv-68, which same documents are under seal in the Seventh Circuit Court of Appeals in Case No. 10-3131 pursuant to the Health Insurance Portability and Accountability Act (HIPAA) at 42 U.S.C. sec. 201, et seq. and used the sealed documents (without seeking leave of either court to "unseal" the documents) to support a complaint against Plaintiff to the Wisconsin Supreme Court Office of Lawyer Regulation, which is an extreme example of the harm that can befall a disabled lawyer seeking ADA accommodations.

     10. The action described at 9., above, requires the Plaintiff to respond to a grievance which requires her to essentially litigate the merits of this case and WIWD Case No. 10-CV-748 (which has not even been served yet as Plaintiff has been consulting with class action counsel in Indiana and Connecticut to relieve her of the burden of litigating the qui tam proceeding in 10-CV-748) and she has an extension to respond to the Wisconsin Supreme Court to March 14, 2011.

     11. Plaintiff strenuously objects to the position taken by BELL, GIERHARDT &

2

MOORE which has required her to prepare this formal motion as evidence of the lack of understanding of counsel for the Defendants Esquedo and Gilbertson of Plaintiff's rights to reasonable disability accommodations without the unnecessary requirement that the Plaintiff work against her medical condition and delay her recovery by bringing this Motion and to require the Court to consider a this matter which in all humanity should have come before the Court as a stipulation to extend the briefing schedule for obvious good cause.

**WHEREFORE**, Plaintiff requests that the Court grant her requested extension of time to file her brief to March 21, 2011 or to have the matter heard by Magistrate Crocker at the telephonic preliminary pre-trial conference on February 3, 2011 in the interests of justice and pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States. The issue of the application of 42 U.S.C. sec. 12101, et seq. in federal court litigation matters is currently being addressed to the best of Plaintiff's current abilities and within the limitations of the case context in the Seventh Circuit Court of Appeals in 10-3131.

Dated at Minneapolis, Minnesota this 28th day of January, 2011.

*/s/Wendy Alison Nora*

---

Wendy Alison Nora
4575 W. 80th Street Circle, #141
Minneapolis, Minnesota 55437
Central Office VOICE: 952) 405-8632
Central Office FAX: (952) 405-8691
accesslegalservices@gmail.com

3

BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

Wendy Alison Nora,
    Plaintiff
    v.

Case No. 10-cv-748

RESIDENTIAL FUNDING COMPANY, LLC, a Delaware limited liability company and wholly
    owned subsidiary of GMAC-RFC HOLDING COMPANY, LLC, a Delaware limited
    liability company

RFC TRUST 03 Loan Pool Number RASC2002KSSCONF is a pool of investment securities
    managed by RESIDENTIAL FUNDING COMPANY, LLC,

GMAC-RFC HOLDING COMPANY, LLC, a Delaware limited liability company and wholly
    owned subsidiary of RESIDENTIAL CAPITAL, LLC, a Delaware limited liability
    company,

RESIDENTIAL CAPITAL, LLC, a Delaware limited liability company, owned by GMAC
    MORTGAGE GROUP, LLC, a Delaware limited liability company which holds 99%
    interest and RESCAP INVESTMENTS, LLC, a Delaware limited liability company holds
    1% interest

GMAC MORTGAGE, LLC, is a Delaware limited liability company and is a wholly owned
    subsidiary of ALLY FINANCIAL, INC., Delaware corporation,

HOMECOMINGS FINANCIAL, LLC is a Delaware limited liability company and is a wholly
    owned subsidiary of GMAC MORTGAGE GROUP, LLC, a Delaware corporation, the
    loan servicing duties of which were absorbed by GMAC MORTGAGE, LLC in 2009,

GMAC MORTGAGE GROUP, LLC (hereinafter "GMAC GROUP") is a Delaware
    corporation and is wholly owned subsidiary of ALLY FINANCIAL, INC., a Delaware
    corporation.

ALLY FINANCIAL, INC. is a Delaware corporation,

GMAC FINANCIAL SERVICES, a private equities group in partnership with CEREBUS
    CAPITAL MANAGEMENT, LP, a private equities group, from which ALLY
    FINANCIAL, INC. was created using U.S. Treasury TARP funds,

CEREBUS CAPITAL MANAGEMENT, LP, a private equities group, in partnership with
    GMAC FINANCIAL SERVICES, a private equities group,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation

AEGIS MORTGAGE CORPORATION, a Delaware Corporation, in Chapter 11 Reorganization
    Proceedings in the United States Bankruptcy Court for the District of Delaware Case
    No. 07-11119-BLS by Notice of Claim only

GRAY & ASSOCIATES, LLP, a Wisconsin professional limited liability association,

JAY PITNER, a member of GRAY & ASSOCIATES, LLP,

MICHAEL RILEY, a member or associate of GRAY & ASSOCIATES, LLP,

WILLIAM N. FOSHAG, an associate with GRAY & ASSOCIATES, LLP,

BASS & MOGLOWSKY, S.C., a Wisconsin professional corporation,

ARTHUR MOGLOWSKY, a shareholder of BASS & MOGLOWKSY, S.C.,

DAVID M. POTTEIGER, an associate with BASS & MOGLOWSKY, S.C.,

PENNY M. GENTGES, a shareholder of BASS & MOGLOWKY, S.C.,
JEFFREY STEPHAN, an employee of GMAC MORTGAGE, LLC,
KENNETH URGWUADU, a former employee of GMAC MORTGAGE, LLC,
MANISH VERMA, an employee of GMAC MORTAGE, LLC,
AMY NELSON, a former employee of RESIDENTIAL FUNDING COMPANY, LLC and
YET UNNAMED CO-CONSPIRATORS,
    Defendants

---

### MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS TO DISMISS TO MAY 5, 2011

---

      NOW COMES the Plaintiff, Wendy Alison Nora, and respectfully moves the Court to grant her an extension of time to file her briefs in opposition to the Defendants' Motions to Dismiss and shows the Court:

      1. Plaintiff has substantially recovered from health concerns which affected her practice from April 14, 2009 through March 15, 2011.

      2. As a result of her substantial recovery, she is now working on many cases which had previously been delayed during her health issues.

      3. This week is the holiest week of her faith's year.

      4. She had hoped to be able to fulfill all of her obligations for filings in numerous cases prior to sundown today.

      5. Regrettably, she has many cases with deadlines of April 25, 26 and 27, 2011.

      6. She has obtained substitute counsel for a limited appearance on one case, is seeking extensions beyond the time frame described in paragraph 5 and regrets to come to this Court to seek an extension of 6 days to May 2, 2011 based upon the collision of numerous deadlines for the first three (3) days following her faith's Holy Week.

      7. As a matter of her spiritual conscience, she cannot engage in worldly work during her faith's Holy Week beyond the time of the filing of the Motion.

      8. She has been working almost all  weekends and weekdays from 7:00 a.m. and 7:00-9:00 p.m. in an effort not to fail in her responsibilities to the Courts and her clients since March 15, 2011.

9.   Yesterday, she described the difficulty she was having with one difficult deadline in a large personal injury case to all opposing counsel (including David M. Potteiger who was properly served by substitution of service and also represented the interests of the Defendants GMAC Mortgage, LLC and Residential Funding Company, LLC in state court proceedings, while reserving the issue of his qualification to be counsel for his Defendant law firm in this matter) and none would agree to the requested short extension.

10.   Having then reviewed all of her pending deadlines and reorganizing the cases, seeking extensions in all in which she cannot arrange for interim substitution of counsel, she realized that her scheduling concerns would collide with her faith-based needs.

11.   She respectfully requests that she be allowed to worship in her faith for the rest of the week and be able to respond to the Motions in this matter when she has been able to take the sacred time and space which is necessary for her life balance and integrity.

12.   Plaintiff begs the Court to allow her the requested extension to May 5, 2011 in order to address all of her colliding deadlines and properly attend to all of her clients' matters with the intervening opportunity to practice her faith.

13.   Although she has been working weekends to meet her obligations to the courts and her clients, this weekend cannot be included in her schedule because she is in need of time to celebrate her faith.

14.   It should also be noted that the various motions to which she will be responding will require motions in response thereto, many of the issues to be briefed are virtually identical but each motion requires specific attention and submissions of her own documents to be judicially noticed, which she could complete if she had a full weekend in which to respond, but this weekend is a not available to the courts, her clients or her own mortal desires to meet earthly expectations.

15.   Her schedule for the week following Easter weekend is filled with deadlines as is the beginning of the week of May 2, 2011.

16.   She does not believe that any party can be harmed by extending the briefing schedule in this matter by ten (10) days, which would ordinarily be a professional courtesy, but that courtesy is not being extended due to the fact that she previously received extensions for matters relating to her health in other cases, which matters are not currently relevant, but about which counsel new to this case are not sufficiently informed.

WHEREFORE, the Plaintiff requests an extension of time to respond to the Defendants' Motions in this case to May 5, 2011.

3

Dated at Minneapolis, Minnesota this 21st day of April, 2011.

*/s/ Wendy Alison Nora*

Wendy Alison Nora
ACCESS LEGAL SERVICES
4575 W. 80th Street Circle, #141
Minneapolis, Minnesota 55437
VOICE (952) 405-8632
FAX (952) 405-8691
WI BAR #1017043
MN BAR # 0165906
accesslegalservices@gmail.com

4

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 13, 2011[*]
Decided April 13, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3131

| | |
|---|---|
| IN RE: WENDY ALISON NORA, <br> *Debtor-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 10-cv-68-bbc <br><br> Barbara B. Crabb, <br> *Judge.* |

### O R D E R

Wendy Nora petitioned for relief from her creditors under Chapter 13 of the bankruptcy code. One creditor, Residential Funding Company, asked the bankruptcy court to lift the automatic stay on collecting debts so that it could move forward with a state-court action to foreclose a mortgage on Nora's condominium. The bankruptcy court lifted the stay, and Nora appealed that decision to the district court. Her appeal, however, never got off the ground; five months passed without an opening brief because, she claimed, her

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

medical condition "totally disabled" her from any litigation. Yet, despite her claim, in that same period she actively litigated in both the bankruptcy court and the district court on almost every topic except the merits of her appeal. With no merits brief in sight, and with the excuse she proffered for her delay refuted by her own litigation activity, the district court dismissed the matter for failure to prosecute. Finding no abuse of discretion, we affirm.

Nora requested her first briefing extension in the district court within a day of filing the notice of appeal. She asked for more than the allotted two-week period to file her opening brief, explaining in a string of submissions that her symptoms of fibromyalgia, a chronic condition with no cure, disabled her from filing a brief on the merits. She claimed, for example, that she was "totally disabled," "lacking basic functionality," and "in urgent need of immediate disability accommodations." A magistrate judge granted a 62-day extension. When that deadline was two days away, Nora requested an additional 45 days, explaining (in 25 single-spaced paragraphs) that a "pinched nerve" and post-traumatic stress disorder had complicated her recovery and would prevent any merits filing indefinitely. The magistrate judge granted the second extension, but for only 15 days.

At the same time that she told the district judge that she was "totally disabled" from litigating, Nora was actively litigating in the bankruptcy court. The bankruptcy docket shows weekly filings during the relevant period, most concerning her medical condition but also several pertaining to the merits of her bankruptcy petition, including amended schedules and income records, an amended bankruptcy petition, and a motion to reconvert the case from Chapter 11 to Chapter 13. Moreover, the district judge learned that in addition to her personal litigation, Nora, an attorney, was simultaneously handling a bankruptcy case on behalf of a client. She kept her client's case active during the period in question. Coincidentally, the record of that case shows that, on behalf of her client, Nora opposed a creditor's motion to lift the automatic stay; she filed roughly a half dozen submissions of varying length and complexity on the issue—the same issue that she disclaimed an ability to litigate in her own appeal.

Despite her evident capacity to litigate extensively before the bankruptcy court, Nora asked the magistrate judge to reconsider the decision to give her only 15 additional days to file her merits brief beyond the initial two-month extension, contending again that her medical incapacity necessitated another two months' extension. The magistrate judge denied the motion, suggesting that anyone in the condition that she was describing needs to retain counsel. Declining to retain counsel or file her merits brief, she filed another motion seeking more time with the district judge, who also denied the request. Once five months passed without a merits brief, and having before it a record showing that Nora could litigate prodigiously in the bankruptcy court despite her claimed incapacity, the district judge

dismissed the bankruptcy appeal for failure to prosecute. Nora filed a post-judgment motion within 28 days of judgment, asking the district court to vacate the dismissal in light of "new evidence" that her medical condition may have been more serious; that motion too was denied.

Because her post-judgment motion came within 28 days of judgment, her appeal to us brings up both the post-judgment order and the underlying dismissal. *See York Group, Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011). Nora argues on appeal that the dismissal of her bankruptcy appeal for failure to prosecute was unconstitutional and an abuse of discretion. She ticks off a list of constitutional and statutory rights which she maintains were violated by the dismissal. Most of her arguments, including her argument that the district court violated the Americans with Disabilities Act, merit no discussion except insofar as we construe them as contending that the district court abused its discretion under Federal Rule of Civil Procedure 41(b) in dismissing for want of prosecution.

A party's willful failure to prosecute an action can be an appropriate basis for dismissal. *See, e.g., Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000); *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *GCIU Employer Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir.1993) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir.1986)). Factors relevant to a court's decision to dismiss for failure to prosecute include the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. *Bolt*, 227 F.3d at 856; *Kovilik Constr. Co. v. Missbrenner*, 106 F.3d 768, 759-60 (7th Cir. 1997). Because a district court must have wide latitude in managing litigation, our review of a dismissal for failure to prosecute under Rule 41(b) is deferential, and we will uphold a dismissal unless it strikes us as fundamentally wrong. *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908-09 (7th Cir. 2003).

Faced with the contradiction between Nora's claimed incapacity to litigate her appeal and her active litigation of both her and her client's bankruptcy case, the district court was within its discretion in dismissing the bankruptcy appeal after two extended deadlines and five months passed without a substantive filing. We underscore that Nora did not contend, in asking for more time, that she was overburdened by the combination of her deteriorating health, her personal bankruptcy, and the demands of her law practice; she claimed, instead, that she needed prolonged relief from deadlines because she was "totally disabled" from any litigation. But Nora's submissions in the bankruptcy and district courts

belie that claim, suggesting that she was capable of briefing the merits of her appeal within the two granted extensions of time.

The dismissal might have been improper had Nora given the district court a credible reason to believe briefing would eventually begin in due course. But, to the contrary, Nora actually gave the district reason to believe that merits briefing would continue to be delayed indefinitely. Nora never estimated when her health would permit her to begin briefing. Instead, she warned that she would proceed only if she received extensions in all of her cases, both personal and representative, and even then, only after an additional 45 days. This was hardly reassuring. Nor did she ever explain why her medical condition disabled her from briefing the merits but allowed her to file numerous substantive motions in the bankruptcy court. Under these circumstances, two extensions totaling 77 days of extra time sufficiently accommodated Nora's asserted health condition.

We recognize that the district court did not explain in detail the reasons for its discretionary decision to dismiss and never explicitly weighed the factors that should inform a decision under Rule 41. But while parsimony of words may not assist our review, it does not preclude it either, and we may affirm on any basis in the record. *See Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 399 n.2 (7th Cir. 2009). And this record contains ample evidence of a prolonged, unjustified delay and lacks any plausible contention that the stay was wrongly lifted. We are also mindful that a district court should issue a formal warning before resorting to the sanction of dismissal for failure to prosecute, but such a warning is not always required, *Fischer v. Cingular Wireless*, 446 F.3d 663, 665 (7th Cir. 2006). Given Nora's own assurance to the court that her professed inability to file a brief was not going to abate any time soon, a warning would have served no purpose except to facilitate further delay. *See id.*

Finally, Nora argues that the district court should have reconsidered the dismissal in light of new evidence she referenced (but did not submit) in her post-judgment motion that her medical condition may have been more serious than she originally represented. But this argument misses the point: the court was entitled to dismiss the action because her litigation activity contradicted her claims of incapacity, not because the court did not have adequate evidence of Nora's medical condition.

AFFIRMED.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re the Bankruptcy of
   BRIAN J. SCHMITZ and
   LOU ANN SCHMITZ
   Debtors

Case No. 11-14279

NOTICE OF APPEAL

   PLEASE TAKE NOTICE that Brian J. Schmitz and Lou Ann Schmitz, Debtors, appeal under 28 U.S.C. 158(a)  from Order entered on October 31, 2011, granting the Motion of Putative Creditor Deustche Bank National Trust Company as Trustee to Terminate the Automatic Stay and related rulings  entered by the Honorable Robert D. Martin,  Judge of the United States Bankruptcy Court for the Western District of Wisconsin.

   The names of all parties to the judgment order or decree appealed from and the names, addresses, and telephone of their respective attorneys are as follow

Jay Pitner, Esquire
GRAY & ASSOCIATES, LLP
16345 West Glendale Drive
New Berlin, Wisconsin 53151
Phone: (414)224-8404

Dated at Minneapolis, Minnesota this 31st day of October, 2011.
               /s/ Wendy Alison Nora

Wendy Alison Nora
ACCESS LEGAL SERVICES
4575 W. 80th Street Circle, #141
Minneapolis, Minnesota 55437
Central Office Voice (952)405-8632
Central Office FAX (952) 405-6891
WI BAR # 1017043
accesslegalservices@gmail.com